UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Eileen & Robert DeSanto,<br><br>　　　　　　　Plaintiffs,<br>　v.<br><br>ARS National Services, Inc.; and DOES 1-10, inclusive,<br><br>　　　　　　　Defendants. | Civil Action No.: _____ |

## COMPLAINT

Plaintiffs, Eileen and Robert DeSanto, say by way of Complaint against Defendant, ARS National Services, Inc., as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiffs' personal privacy by Defendant and its agents in their illegal efforts to collect a consumer debt.

2. This Court has supplemental jurisdiction over all other claims in this action, as all such claims arise out of the same case or controversy as Defendant's violations of the FDCPA pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the U.S. District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of New Jersey.

## PARTIES

4. The Plaintiffs, Eileen and Robert DeSanto ("Plaintiff"), are adult individuals residing in Bayville, New Jersey, and each is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant ARS National Services, Inc. ("ARS"), is a California business entity with an address of 960 S. Andreasen, Suite B, Escondido, California 92029, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by ARS and whose identities are currently unknown to the Plaintiffs. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. ARS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8. The Plaintiffs incurred a financial obligation in the approximate amount of $7,655.13 (the "Debt") to Chase Bank U.S.A., N.A. (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to ARS for collection, or ARS was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. ARS Engages in Harassment and Abusive Tactics**

12. The Defendants agreed to accept one payment in the amount of $1,150.00 and consider the account settled in full.

13. On June 29, 2011 the Plaintiffs called the Defendants, gave them bank account information and specified that the funds would be available on the following Monday, July 4, 2011. The Defendants agreed not to withdraw the funds prior to July 4, 2011.

14. However, the Defendants withdrew the money on June 30, 2011 and caused the Plaintiff $35.00 dollars in overdraft fees.

15. Furthermore, the Defendants sent a post card to the Plaintiff as a reminder of upcoming transaction.

**C. Plaintiffs Suffered Actual Damages**

16. The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

17. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

18. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

19.     The Plaintiffs incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20.     The Defendants' conduct violated 15 U.S.C. § 1692f(5) in that Defendants caused charges to be made to the Plaintiff.

21.     The Defendants' conduct violated 15 U.S.C. § 1692f(7) in that Defendants communicated with the Plaintiff through postcard.

22.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

23.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages including, but not limited to, the emotional distress the Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

4. Such other and further relief that the Court may deem just and proper.

## **TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: July 27, 2011

                              Respectfully submitted,

                              By: /s/ Sofia Balile

                              Sofia Balile, Esq.
                              Lemberg & Associates LLC
                              1100 Summer Street
                              Stamford, CT 06905
                              Phone: (917) 981-0849
                              Fax:    (203) 653-3424